61 F.3d 906
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Milton L. FREEMAN, Defendant-Appellant.
 No. 94-1458.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 6, 1995.
Decided July 7, 1995.
 
 Before FLAUM, RIPPLE and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Milton Freeman pleaded guilty to federal drug conspiracy and money laundering charges. His appeal related to those convictions was decided by this court and reported in United States v. Jackson, 983 F.2d 757, 769 (7th Cir. 1993). We vacated his sentence and remanded for resentencing, stating "[w]hether the court determines the counts should be separable or grouped, the record should reflect sufficient reasons." At resentencing, Freeman and the government agreed to 1) the amount of cocaine attributable to Freeman; 2) a recommendation of a two-point reduction for acceptance of responsibility; and 3) a criminal history category of two. Freeman also agreed to withdraw all motions filed prior to the resentencing hearing. Based on the agreement he reached with the government, Freeman's sentencing range under the United States Sentencing Guidelines was 108-135 months for the conspiracy charge. The district court sentenced Freeman to a 132-month term of imprisonment for the conspiracy charge, and a concurrent 60-month term for the money laundering charge. This appeal arises from the resentencing.
 
 
 2
 Freeman's attorney requested to withdraw and filed a motion and supporting brief required by Circuit Rule 51(a) and Anders v. California, 386 U.S. 743 (1967). Because of Freeman's prior appeal, the issues on this appeal are limited to the events surrounding the resentencing. Freeman's attorney believes that any issues from the resentencing would be frivolous, and Freeman has not taken his opportunity to respond to argue otherwise. Nonetheless, we must independently review the record and determine whether any nonfrivolous issues exist. United States v. Eggen, 948 F.2d 848 (7th Cir. 1993).
 
 
 3
 The sole, possibly nonfrivolous, issue that counsel identified related to whether the district court sufficiently explained imposing Freeman's sentence at the high-end of the Guidelines range. When a defendant is sentenced to a term of imprisonment falling within an applicable Guidelines range that is greater than twenty-four months, the district court must state in open court its reasons for imposing the sentence. 18 U.S.C. Sec.3553(c)(1). The court need not, however, address specific evidence or state why that evidence justifies the sentence. United States v. James, 40 F.3d 850, 878-79 (7th Cir. 1994). Here, the district court stated in open court that it believed Freeman failed to accept responsibility for the crime. (Resentencing Transcript at 30). This statement is sufficient to fulfill the section 3553(c)(1) mandate. An argument otherwise would be groundless, and therefore frivolous.
 
 
 4
 Counsel raised no further possible appellate issues, and our review has found none. Counsel's motion to withdraw is granted and this appeal is dismissed.
 
 
 5
 MOTION GRANTED; APPEAL DISMISSED.